UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LINDA ARCHIE,<br><br>Defendant. | Case No. 3:14-cr-00013-MMD-VPC<br><br>Related Case: 3:17-cv-00724-MMD<br><br>ORDER |

**I.   INTRODUCTION**

Petitioner Linda Archie ("Archie") pled guilty to Willful Failure to File Return in violation of 26 U.S.C. § 7207. (ECF Nos. 130, 134.) Before the Court is Archie's amended motion to vacate under 28 U.S.C. § 2255 ("Motion to Vacate") in which she raises four grounds, alleging, *inter alia*, deprivation of her Fourth and Fifth Amendment rights to due process, freedom from involuntary seizure of a guilty plea and self-incrimination. (ECF No. 175.) The Court has reviewed the government's response (ECF No. 184) and Archie's reply (ECF No. 185). In connection with the reply to the Motion to Vacate, Archie also moved to compel discovery. (ECF No. 186.) The Court has reviewed the government's response (ECF No. 187) and Archie's reply (ECF No. 188).

In addition, Archie moved for reconsideration of the Court's decision to deny her initial motion to stay. (ECF No. 180.) The Court has reviewed the briefs relating to this motion (ECF Nos. 182, 183).

For the reasons stated herein, the Court denies the Motion to Vacate. The remaining two motions are denied as moot.

## II. RELEVANT BACKGROUND

On February 26, 2014, Archie and her son, co-defendant Kyle Archie ("Kyle") (collectively, "Defendants"), were indicted on twelve counts of failure to account for and pay over withholding and taxes in violation of 26 U.S.C. § 7202, and aiding and abetting in violation of 18 U.S.C. § 2. (ECF No. 1.) On August 12, 2015, the government filed a superseding indictment, charging Defendants with one count of conspiracy to defraud the United States, and charging only Kyle with twelve counts of failure to account for and pay over employment taxes in violation of 26 U.S.C. § 7202. (ECF No. 68.)

The superseding indictment alleges that Kyle "operated and controlled various business[] entities that engaged in selling and delivering landscaping materials and hauling materials" and "a separate business that engaged in the construction and building of rock retaining walls." (*Id.* at 1.) Archie allegedly "acted as the bookkeeper and office manager" of Kyle's various business entities. (*Id.* at 2.) The entities identified in the superseding indictment include Reno Rock, Inc. ("RRI"), which incorporated in 2001 and had its status revoked in 2005; GKPA, Inc. ("GKPA"), which incorporated in 2001; and Reno Rock Transport, LLC ("Reno Rock Transport"), which was established in 2009. (*Id.* at 2-3.) In 2005, RRI began operating as GKPA and would often self-identify as "GKPA, Inc. dba Reno Rock, Inc." (*Id.*) "Starting at some time between 2009 and 2010, GKPA began operating under a new name, Reno Rock Transport." (*Id.* at 3.) Kyle was an officer of RRI and GKPA. (*Id.* at 2.) The superseding indictment further alleges that Defendants engaged in a conspiracy to avoid paying employment taxes to the IRS from at least 2003 to 2010. (*Id.* at 6-10.) Counts two to thirteen charge Kyle with failing to account for and pay over employment taxes for each quarter of 2008 and 2009 for GKPA, Inc. dba Reno Rock, Inc., and each quarter of 2008 for D. Rockeries, Inc.[1] (*Id.* at 11.)

On April 22, 2016, Archie pled guilty to one count of Willful Failure to File Return as charged in a superseding misdemeanor information pursuant to a plea agreement
///

---
[1] These entities will be referred to collectively as "Reno Rock."

("Plea Agreement").² (ECF Nos. 130, 134.) On October 25, 2016, the Court sentenced Archie to serve a term of probation for five (5) years and three (3) months of home confinement as a condition of probation. (ECF Nos. 144, 149.) The Court ordered restitution, jointly and severally with co-defendant Kyle Archie, in the amount of $1,235,538.28 ("Restitution"). (ECF No. 149 at 5.) Archie was required to make payments of "not less than 10% of her gross income" towards restitution, "subject to adjustment depending upon her ability to pay." (*Id.*) Judgment was entered on November 1, 2016, and amended on December 1, 2016. (ECF Nos. 147, 149.)

Archie did not appeal. On December 15, 2017, Archie filed a motion to vacate, as well as a motion for extension of time to file an amended motion to vacate. (ECF Nos. 160, 163.) The Court granted the extension request (ECF No. 166), which led to Archie's filing of the Motion to Vacate (ECF No. 175).

### III. DISCUSSION: MOTION TO VACATE

Archie challenges her conviction under 28 U.S.C. § 2255, including the order of restitution, on four grounds based on allegations that she was "deprived of her rights against seizure of an involuntary guilty plea and to due process of law, in violation of her Fourth and Fifth Amendment rights protecting her from involuntary seizures, self-incrimination, and in violation of due process of law." (ECF No. 175 at 2, 9, 12, 14.) While she made numerous related arguments, the gist of her contentions is that (1) the Plea Agreement was part of a "package deal" that involved Kyle's guilty plea which she accepted because "she believed Kyle would be more harshly sentenced if the matter went to trial" and which she contends was coercive (*id.* at 7-12), and (2) her guilty plea was not factually or legally supported because of her insubstantial involvement and role with Reno Rock, particularly as evidenced by recent discovery presented through Kyle's affidavit (*id.*

---

²On the same date, Kyle also pled guilty to count four of the Superseding Indictment—willful failure to collect or pay over tax in violation of 26 U.S.C. § 7202. (ECF Nos. 128, 133.) Archie's Plea Agreement states: "This guilty plea agreement is part of a global resolution between the United States, Defendant [Archie], and her co-defendant. Therefore, this plea is contingent on both defendants agreeing to this resolution." (ECF No. 131 at 3.)

at 2-6, 12-14). The government responds that Archie's constitutional challenges are procedurally barred because Archie failed to pursue a direct appeal and because she cannot demonstrate good cause to overcome such procedural bar, the Plea Agreement bars Archie's collateral attack under section 2255, and Archie's plea was voluntary. (ECF No. 184.) The Court agrees with the government that the Archie has waived her constitutional challenges under section 2255.[3]

The Plea Agreement succinctly addresses Archie's waiver of her rights to bring section 2255 challenges to her conviction:

> The defendant [Archie] also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to her conviction, sentence, and the procedure by which the District Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

(ECF No. 131 at 12.) Archie's waiver of her right to assert collateral challenges is enforceable. *See United States v. Abarca*, 985 F.2d 1012, 1013-14 (9th Cir. 1993) (finding that the right to bring a collateral attack under section 2255 is statutory and "[a] knowing and voluntary waiver of a statutory right is enforceable"); *see also United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (reaffirming that waiver of the right to appeal covers all appeals and is enforceable).

Archie argues that her waiver of section 2255 collateral challenge is irrelevant because she challenges the voluntary and intelligent nature of the waiver itself. (ECF No. 175 at 11.) However, Archie's arguments as presented in her Motion to Vacate challenges the voluntariness of her guilty plea based on the nature of the global settlement and the claimed lack of factual and legal support as to her involvement in Reno Rock. (*See id.*) These arguments do not go to the voluntary and intelligent waiver of her right under section 2255. Indeed, the Court canvassed her as to her waiver of these rights to ensure she understood her rights and what she was waiving. (ECF No. 150 at 70.)

///

---

[3] Accordingly, the Court declines to address the government's procedural default arguments.

4

Archie relies on *Washington v. Lampert*, 422 F.3d 864, 869-70 (9th Cir. 2005), to argue that waiver of "the right to collateral review is unenforceable against a Petitioner's claim of ineffective assistance of counsel as a basis for challenging the waiver itself." (ECF No. 185 at 3.) In that case, the court addressed whether a state prisoner's waiver of the right to file a federal habeas petition was enforceable as to an ineffective assistance of counsel claim implicating the voluntariness of the waiver. *Washington*, 422 F.3d at 869. The court found such a waiver to be unenforceable and cannot bar an ineffective assistance of counsel claim under 28 U.S.C § 2254. *Id.* at 870-71. But here, Archie does not claim ineffective assistance of counsel, a claim which she preserved but has not asserted. Indeed, the Plea Agreement expressly provides that the waiver of collateral challenge under section 2255 does not include waiver of an ineffective assistance of counsel claim.

## IV. CERTIFICATE OF APPEALABILITY

Before Archie can appeal the Court's decision to deny her Motion to Vacate, she must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28 U.S.C. §§ 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Linda Archie's amended motion to vacate (ECF No. 175) is denied.

It is further ordered that Archie's motion for reconsideration (ECF No. 180) and motion to compel discovery (ECF No. 186) are denied as moot.

It is further ordered that a certificate of appealability will not be issued.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 3rd day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE